UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-508-H

MIKE PROFITT                                                                                    PLAINTIFF

v.

OBAMA BARACK *et al.*                                                                  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Mike Profitt filed this *pro se* action on a court-supplied general complaint form. In the caption he names the following Defendants: "Obama Barack – quote 'Bruise' unquote"; "Linda – Ale – Versailles, K.Y. Homicide"; "Salvation Army Brook Street A.I. Arrest"; and "Oakland Liquors – Bruise Homicide Bar Fight And Obama Barack!" As grounds for filing suit in federal court, Plaintiff states, "The Bar Fight is back on they done karate teacher homicide and killed my employee from Lou, K.Y. and killed Pella Solomon. It was Spain killed Mr. Miller from Dalton Ct check Dalton Court Jacksonville, FL." Where additional Plaintiffs are to be listed, Plaintiff writes, "Alcada – USA – Japan – Russian Military – Participation – There Aint Africa – 226 Lynwood Drive – They have Tim Riley hostage by homicide and P. Gibson homicide guilty plea killed U.S. military from Versailles, K.Y. [illegible] check 911 call hostage at Federal Bld. I'm from China. They killed my parents!" At the bottom of the first page, he writes, "Spain Only Invasion Done Bruises No Black Folk!" The rest of the complaint form is blank.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the

allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The allegations in Plaintiff's complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion, warranting dismissal for lack of subject-matter jurisdiction.

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint is too incoherent to meet this standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of the claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted). The Court is not able to determine what Plaintiff's claim is or what grounds could support a claim.

By separate Order, the instant action will be dismissed.

Date:

cc:     Plaintiff, *pro se*
4412.010